UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI ABI FAKHREDDINE and
OLD JOY INVESTMENT CO., INC.,

           Plaintiffs,

                                     Case No. 21-CV-12250

vs.

                                     HON. GEORGE CARAM STEEH

ERIC R. SABREE, WAYNE
COUNTY TREASURER,

           Defendant.
_____/

OPINION AND ORDER GRANTING
<u>DEFENDANT'S MOTION TO DISMISS (ECF No. 4)</u>

Plaintiffs Fadi Abi Fakhreddine and Old Joy Investment Company,

Inc. filed this matter in the Wayne County Circuit Court. Defendant Eric R.

Sabree, Wayne County Treasurer, removed the case to this Court on

September 24, 2021. The case arises out of defendant's foreclosure of two

properties owned by plaintiffs due to their failure to pay property taxes. The

foreclosures were carried out pursuant to Michigan's General Property Tax

Act ("Tax Act"), MCL § 211.1 *et seq*. Plaintiffs maintain that the foreclosure

sales resulted in surplus revenue, beyond that needed to satisfy the

property tax delinquencies and associated costs, that should have been

- 1 -

returned to plaintiffs but was instead retained by defendant. The Complaint

alleges due process violations under the federal constitution, an unlawful

taking in violation of the Michigan constitution, conversion in violation of

Michigan common law and MCL 600.2919a, and unjust enrichment.

The matter is before the Court on defendant's motion to dismiss

plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court is

familiar with the case and has read the pleadings filed by both sides. The

Court does not believe that it would benefit from oral argument in this case

and is therefore deciding the motion on the briefs. For the reasons stated

below, defendant's motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

Plaintiff Fadi abi Fakhreddine was the owner of the real property

known as 13526 Plymouth Rd., Detroit, MI 28228 [Parcel ID # 22029736]

("Plymouth Property"). Plaintiff Old Joy Investment Company, Inc. ("Old

Joy") was the owner of the real property commonly known as 8853 Schaef

Schaefer Highway, Detroit, MI 48228 [Parcel ID # 22031149] ("Schaefer

Property"). Plaintiffs failed to pay the property taxes owed on the two

properties.

On March 28, 2018, the Wayne County Circuit Court entered a

judgment of foreclosure in Wayne County's favor against the Schaefer

Property. On August 28, 2018, Wayne County took title to the Schaefer Property under its right of first refusal pursuant to MCL 211.78m for $21,109.60, which was the amount of the tax delinquency and associated costs. On September 10, 2018, plaintiffs filed a complaint in Wayne County Circuit Court alleging that the foreclosure was invalid because Wayne County failed to follow the required procedure, including failure to give plaintiffs proper notice of foreclosure. Construing plaintiffs' complaint as a motion to set aside the foreclosure, the court denied the motion on October 9, 2018.

After taking title to the Schaefer Property, Wayne County assigned the property to the Wayne County Land Bank. The Wayne County Land Bank then allegedly sold the Schaefer Road Property to a development company, Progressive Real Estate, for $164,000.

Also, on March 28, 2018, the Wayne County Circuit Court entered a judgment of foreclosure in Wayne County's favor against the Plymouth Property. The Plymouth Property was then sold at tax auction for $55,000 on November 16, 2018. Plaintiffs contend that the foreclosure and subsequent sale of the Schaefer Property resulted in surplus revenues ("Surplus") of $272,000 and the foreclosure and sale of the Plymouth Property resulted in a Surplus of $45,000. According to plaintiffs, the

Surplus is personal property in which they have a vested property interest. Plaintiffs bring this lawsuit to recover the Surplus.

Plaintiffs allege in Count I that they have a property interest in the Surplus and that defendant's retention of the Surplus is a violation of their due process rights pursuant to the 4th, 5th and 14th Amendments to the Constitution. As damages, they demand a return of the Surplus. In Count II, plaintiffs allege that defendant has been unjustly enriched by retaining the Surplus and they seek that it be returned to them. In Count III, plaintiffs allege that defendant's retention of the Surplus was a taking in violation of the Michigan Constitution, Const 1963, art 10, § 2, and assert that the Surplus must be returned. Finally, in Count IV, plaintiffs allege that defendant's retention of the Surplus constituted conversion in violation of common law and MCL 600.2919a. Plaintiffs seek a judgment for damages in the amount of treble the Surplus, pursuant to the statute.

LEGAL STANDARD

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint

as true, and determine whether plaintiff's factual allegations present

plausible claims. "'[N]aked assertion[s]' devoid of 'further factual

enhancement'" are insufficient to "state a claim to relief that is plausible on

its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss,

plaintiff's pleading for relief must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555) (other citations omitted). Even though

the complaint need not contain "detailed" factual allegations, its "factual

allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true."

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051

(6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

ANALYSIS

I.      *Rafaeli* Decision

Plaintiffs' claims are based the Michigan Supreme Court's ruling in

*Rafaeli, LLC v. Oakland County*, 505 Mich. 429 (2020). In 2015, former

commercial property owners brought an action to recover surplus funds

from the sale of their properties following tax foreclosure. *Id*. at 438-39. In

each instance there was a judgment of foreclosure, a failure to timely

redeem the property which resulted in a transfer of fee simple title to the

County, and a sale of the property at auction to a third party. The auction

proceeds exceeded the debt owed by the property owners. The Michigan

Supreme Court found that "defendants' retention of those surplus proceeds

is an unconstitutional taking without just compensation under Article 10 § 2

of [Michigan's] 1963 Constitution." *Id*. at 437. The court limited its holding to

situations where there is a surplus, writing that "a former property owner

only has a right to collect the surplus proceeds from the tax-foreclosure

sale; that is, a former property owner has a compensable takings claim if

and only if the tax-foreclosure sale produces a surplus." *Id*. at 477. The

court made clear that the County's failure to return the surplus proceeds to

plaintiffs constituted a government taking under the Michigan Constitution,

and rejected any finding that the Tax Act violated the United States

Constitution. *Id*. It also rejected "lost equity" as the measure of damages for

the violation: it "reject[ed] the premise that just compensation requires the

plaintiffs to be awarded the fair market value of their properties, so as to be

put in as good of [sic] position had their properties not been taken at all." *Id*.

at 483. Finally, the court noted that nothing "prevents the Legislature from

enacting legislation that would require former property owners to avail

themselves of certain procedural avenues to recover the surplus proceeds."

*Id*. at 473 n.108. On remand, the Oakland County Circuit Court determined

the Supreme Court's opinion should be applied prospectively as of July 17,

2020, the date of the *Rafaeli* decision.

Following *Rafaeli*, the Michigan Legislature modified the Tax Act's

procedures by which a person with a property interest could pursue an

interest in surplus proceeds from a sale or transfer. The Legislature added

Section 78t to the Tax Act, which provides that those who had their

"property transferred or sold under section 78m before July 18, 2020," may

make a claim for reimbursement only "if the Michigan Supreme Court

orders that its decision in *Rafaeli* . . . applies retroactively," and if the

claimant complies with certain procedural requirements "pursuant to

subsection (6)." MCL 211.78t(1)(b). The statute provides "the exclusive

mechanism for a claimant to claim and receive any applicable remaining

proceeds under the laws of this state" and includes a two-year statute of

limitations for pursuing such claims. MCL 211.78t(11) and 78l.

The Court considers plaintiffs' claims against this legal landscape.

II.      Schaefer Property

Wayne County took title to the Schaefer Property pursuant to its right

of first refusal under MCL 211.78m. On August 28, 2018, that statute

provided:

> If this state elects not to purchase the property under its right of first refusal, a city, village, or township may purchase for a public purpose any property located within that city, village, or township set forth in the judgment and subject to sale under this section by payment to the foreclosing governmental unit of the minimum bid. If a city, village, or township does not purchase that property, **the county in which that property is located may purchase that property under this section by payment to the foreclosing governmental unit of the minimum bid.**

MCL 211.78m (2018) (emphasis added). According to plaintiffs, after taking

title to the Schaefer Property, Wayne County assigned the property to the

Wayne County Land Bank. Therefore, no surplus proceeds were produced

from the foreclosure of the Schaefer Property. As the Michigan Supreme

Court held in *Rafaeli,* "a former property owner has a compensable takings

claim if and only if the tax-foreclosure sale produces a surplus." *Rafaeli*,

505 Mich. at 477.

This Court recently considered the same argument made by plaintiffs.

In *Hall v. Meisner,* just as with the Schaefer Property, the properties at

issue were not sold at auction, but were purchased from the County

Treasurer by a municipality for the minimum bid - the amount of the

delinquent taxes, interest, penalties and fees. As with the Schaefer

Property, the foreclosures in *Hall* took place prior to the *Rafaeli* decision

and the complaint was filed after the Michigan Supreme Court decided

*Rafaeli*. The Court found it was "undisputed that no 'surplus proceeds' were

generated with regard to any of the subject properties, and Plaintiffs have

failed to demonstrate a vested property right or amount that was 'unjustly'

taken from them by anyone." *Hall v. Meisner*, No. 20-12230, 2021 WL

4527450, at *14 (E.D. Mich. Oct. 4, 2021).

So too here, no surplus was created when Wayne County foreclosed

on the Schaefer Property by paying only the amount of the delinquent taxes

and associated costs. After the transaction was complete, Wayne County

did not hold any funds related to the transaction that could be returned to

plaintiffs. Plaintiffs' reference to the fact that the Schaefer Property was

later sold to a third party for an amount greater than the delinquent taxes is

not relevant because a former property owner only has a compensable

takings claim if the tax foreclosure sale itself produces a surplus.

As each count in plaintiffs' complaint is based on there being a

surplus, the complaint fails on all counts related to the Schaefer Property.

III.     Defendant Wayne County Treasurer

   A.     Qualified Immunity

Public officials are shielded from liability for claims brought against

them in their individual capacity where they acted in good-faith compliance

with a properly enacted statute. *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982); *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 441 (6th Cir.

2016) ("The Supreme Court tells us that public officials should generally

receive qualified immunity when enforcing properly enacted laws."). When

defendant Sabree acted under the provisions of the Tax Law in this case,

and before the Michigan Supreme Court handed down the *Rafaeli* decision,

the counties' enforcement of the Tax Law's requirements had been upheld

as constitutional by Michigan's Court of Appeals. This supports defendant's

position that he did not violate a clearly established law. *Husted*, 810 F.3d

at 443 ("If judges can reasonably disagree about the meaning of the

Constitution, we should not punish public officials for reasonably picking

one side or the other of the debate."); *see e.g.*, *Freed v. Thomas*, No. 17-

cv-13519, slip op. at 9–10 (E.D. Mich. Feb. 26, 2021) ("Particularly given

the long history of GPTA enforcement, the Court finds that [Treasurer] did

not violate a right that 'was clearly established at the time of defendants'

alleged misconduct.' She is thus immune from liability in her individual

capacity.").

Defendant is entitled to qualified immunity as to any claims raised

against him in his individual capacity.

B.    Tort Liability

Defendant is immune from liability for tort claims, including the

conversion claim asserted in this case, under Michigan's Governmental

Tort Liability Act. MCL 691.1401 *et seq*. The Act's protections regularly are

extended to counties and county treasurers. *E.g., Margaris v. Genesee

Cty.*, 919 N.W.2d 659, 667-68 (Mich. App. 2018); *HRSS, Inc. v. Wayne

Cty. Treasurer*, 279 F. Supp. 2d 846, 851 (E.D. Mich. 2003).

Defendant is immune from liability as it relates to plaintiffs' claim of

conversion.

C.    Sovereign Immunity

Plaintiffs' claims against defendant Sabree focus on his conduct after

foreclosure, conduct which complied with the state statute that prohibited

him from providing plaintiffs with any alleged "surplus." The Tax Act, at

MCL 211.78m(8), provides that "foreclosing governmental unit[s] shall

deposit the proceeds from the sale of property under this section into a

restricted account designated as the 'delinquent tax property sales

- 11 -

proceeds for the year __." *Id*. The statute requires that proceeds from a foreclosure sale be spent in specific ways, none of which include reimbursing the delinquent taxpayer. *See id*.

Under the Eleventh Amendment, a "damages action against a State in federal court" is barred "when state officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Though municipalities are not ordinarily considered state actors, "[w]here county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State." *Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999).

The Tax Act required foreclosing governmental units to distribute surplus proceeds in a specific way. The Treasurer did only what the state law required of him, and so "by simply complying with state mandates that afford no discretion, [he] act[ed] as an arm of the State, not the county." *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 995 (6th Cir. 2019) (quotations omitted). The claims against defendant Sabree in his official capacity are hereby dismissed.

## CONCLUSION

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that defendant's motion to dismiss (ECF

No. 4) is GRANTED. Plaintiffs' complaint is DISMISSED in its entirety.

Dated:   January 25, 2022

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 25, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk