UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI ABI FAKHREDDINE and OLD
JOY INVESTMENT COMPANY, INC.,          Case No. 2:21-cv-12250

        Plaintiffs,                    HONORABLE STEPHEN J. MURPHY, III

v.

ERIC R. SABREE, WAYNE COUNTY
TREASURER,

        Defendant.

_____/

**OPINION AND ORDER**
**<u>GRANTING MOTION TO DISMISS [38]</u>**

Plaintiffs Fadi Abi Fakhreddine and Old Joy Investment Company sued Defendant Eric Sabree, the Wayne County treasurer, and alleged that they are entitled to the surplus from the tax delinquency foreclosure of two of their properties. ECF 1, PgID 7–11; ECF 35, PgID 413–16. District Judge Steeh granted Defendant's motion to dismiss, and Plaintiffs appealed. ECF 10; 13. The Sixth Circuit remanded the case with instruction to proceed in accordance with the decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), which was decided while the instant case was on appeal. After the mandate issued, Plaintiffs amended their complaint. ECF 35. Defendant again moved to dismiss the complaint. ECF 38. For the reasons below, the Court will grant the motion to dismiss.

1

## BACKGROUND

Plaintiff Fakhreddine owned the real property known as 13526 Plymouth Rd., Detroit, MI 28228 [Parcel ID # 22029736] ("Plymouth Property"). ECF 10, PgID 280. Plaintiff Old Joy Investment Company, Inc. ("Old Joy") owned the real property commonly known as 8853 Schaefer Highway, Detroit, MI 48228 [Parcel ID # 22031149] ("Schaefer Property"). *Id.* Plaintiffs failed to pay the property taxes owed on the two properties. *Id.* In March 2018, the Wayne County Circuit Court entered a judgment of foreclosure in Wayne County's favor against the Schaefer Property. *Id.* A few months later, Wayne County took title to the Schaefer Property under its right of first refusal pursuant to Mich. Comp. Laws § 211.78m for $21,109.60, which was the amount of the tax delinquency and associated costs. *Id.* at 281. Plaintiffs then sued in Wayne County Circuit Court and alleged that the foreclosure was invalid because Wayne County failed to follow required procedures, including failure to give plaintiffs proper notice of foreclosure. *Id.* The State court construed the complaint as a motion to set aside the foreclosure and denied the motion. *Id.* After taking title to the Schaefer Property, Wayne County assigned the property to the Wayne County Land Bank. *Id.* The Wayne County Land Bank then allegedly sold the Schaefer Road Property to a development company for $164,000. *Id*; ECF 38, PgID 433.

Also, in March 2018, the Wayne County Circuit Court entered a judgment of foreclosure in Wayne County's favor against the Plymouth Property. ECF 10, PgID 281. The Plymouth Property was then sold at tax auction for $55,000 in November 2018. *Id.* Plaintiffs contended that the foreclosure and subsequent sale of the

properties resulted in surplus revenues. *Id.* According to Plaintiffs, the surplus is personal property in which they have a vested property interest. *Id.* at 282. And Plaintiffs brought the presents lawsuit to recover the surplus. *See* ECF 1. Defendant moved to dismiss and the Court granted the motion. ECF 10; 13. The Sixth Circuit remanded the case with instructions to proceed in accordance with the decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022). In *Hall*, the Sixth Circuit held that homeowners have a property interest in the equitable title to their homes. *Id.* at 194–96. Accordingly, the Michigan Tax Act—which essentially allowed the county or the State to take absolute title to a home subject to tax delinquency without compensating homeowners for their equitable title—violated homeowners' constitutional rights. *Id.* at 194. Indeed, taking absolute title to a home without compensating homeowners for their equitable title is an unlawful taking. *Id.* at 194–96; *see also Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023).

Upon remand, Plaintiffs amended their complaint in accordance with *Hall*. ECF 35. Plaintiffs alleged in Count I of the amended complaint that they have a property interest in the surplus and that Defendant's retention of the surplus is an unlawful taking under the Fifth and Fourteenth Amendments. ECF 35, PgID 413. As damages, they demand a return of the surplus—along with punitive damages. *Id.* at 414. In Count II, Plaintiffs alleged that Defendant's retention of the Surplus is an unlawful taking under the Michigan Constitution. *Id.* at 414–15. As damages, they demand a return of the surplus—along with punitive damages. *Id.* at 415. Last, in Count III, Plaintiffs alleged that Defendant's retention of the surplus constituted

conversion in violation of the common law and Mich. Comp. Laws § 600.2919a. *Id.* at 416. Plaintiffs seek a judgment for damages in the amount of 400,000 trebled pursuant to the statute. *Id.*

## LEGAL STANDARD

Rule 12(b)(1) provides that a party may move to dismiss a case for "lack of subject-matter jurisdiction." "A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim." *Bowles v. Sabree*, No. 20-cv-12838, 2022 WL 141666, at *3 (E.D. Mich. Jan. 14, 2022) (citation omitted). Motions to dismiss under Rule 12(b)(1) fall into two categories: facial attacks and factual attacks. While "a facial attack is a challenge to the sufficiency of the pleading itself," a factual attack is "a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (cleaned up). Because the motion in the present case is a factual attack, "no presumptive truthfulness applies to the factual allegations." *Ohio Nat'l. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a Rule 12(b)(1) motion, courts "ha[ve] wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (citations omitted). Plaintiff has the burden of proving that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6), on the other hand, provides that a party may move to dismiss the case for "failure to state a claim upon which relief can be granted." And unlike a 12(b)(1) motion, Defendant "has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). The Court may grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In a Rule 12(b)(6) motion, courts may "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Defendant moved to dismiss the complaint on several grounds. ECF 38. One ground, however, is entirely dispositive. Specifically, Defendant argued that Plaintiffs' claims are barred by the statute of limitations. *Id.* at 444. The Court agrees and will, as instructed by the Court of Appeals, justify its conclusion under *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022).

As to Plaintiffs' federal takings claim, *Hall* suggests that the claim begins to accrue when the County takes absolute title to the property. *Id.* at 196 (noting that the event giving rise to the unconstitutional taking was the "County's taking of 'absolute title' to the plaintiffs' homes"); *see also Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) ("Although [S]tate law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run."). Here, the County took absolute title in March 2018. ECF 38-4, PgID 470; ECF 38-6, PgID 488. The statute of limitations for a § 1983 takings claim arising out of conduct in Michigan is three years. *Wolfe*, 412 F.3d at 714; *Estate of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020); *Hall v. Oakland Cnty.*, No. 20-12230, 2024 WL 209702, at *16 (E.D. Mich. Jan. 19, 2024); Mich. Comp. Laws § 600.5805(2). But Plaintiffs did not file their complaint until August 2021—five months after the limitations period expired. Plaintiffs' federal takings claims are therefore time barred. Similarly, Plaintiffs' conversion claims are time barred because limitations period for both statutory and common law conversion in Michigan

6

is three years. *See Tillman v. Great Lakes Truck Ctr., Inc.*, 277 Mich. App. 47, 49 (2007); Mich. Comp. Laws § 600.5805(2).

Plaintiffs nevertheless argued that the Court should equitably toll the limitations period. In doing so, Plaintiffs assumed the Court would apply the federal standard for equitable tolling. *See* ECF 40, PgID 508–09. But "a federal court must borrow [S]tate statutes of limitations and tolling rules in a § 1983 action." *Guy v. Lexington-Fayette Urb. Cnty. Gov't*, 488 F. App'x 9, 18 (6th Cir. 2012) (citing *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 484 (1980)). The applicable limitations statute here is Mich. Comp. Laws § 600.5805, which provides that the "periods of limitation . . . are subject to any applicable period of repose established in section 5838a, 5838b, or 5839." § 600.5805(14). Those tolling provisions concern medical and legal malpractice claims as well as claims against contractors, engineers, and architects and are inapplicable here. The general tolling provision, Mich. Comp. Law § 600.5856 is similarly inapplicable. And in the absence of a tolling provision, Michigan Courts have "severely limited, if not completely eliminated, the equitable tolling doctrine." *West v. City of Garden City*, No. 14-CV-10121, 2015 WL 4477858, at *10 (E.D. Mich. July 22, 2015) (citing *Trentadue v. Buckler Lawn Sprinkler,* 479 Mich. 378, 738 (Mich. 2007); *Chabad–Lubavitch of Michigan v. Schuchman,* 862 N.W.2d 648 (Mich. 2015)). If and to the extent equitable tolling exists under Michigan law, Plaintiffs failed to provide any authority or basis for applying the doctrine in this case.

7

What is more, even if the Court applied its own equitable tolling principles, Plaintiffs still would not be entitled to equitable tolling. In federal court, the doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). A plaintiff "[i]s entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing." *Id.* at 784 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (applying the two-part *Holland* test to litigants outside the habeas context).

Plaintiffs here failed to make the requisite two-part showing. Plaintiffs argued that because they challenged the foreclosure procedure in State court as early as 2018 that they diligently pursued their rights. ECF 40, PgID 511. But the fact that Plaintiffs timely challenged the foreclosure procedure does not explain why Plaintiffs did not timely bring their takings claim nor does it excuse Plaintiffs' failure to do so. Plaintiffs also argued that their rights under the Takings Clause were not fully established until the decisions in *Rafaeli, LLC v. Oakland County*, 505 Mich. 429 (2020); *Hall*, 54 F.4th 185; and *Tyler*, 598 U.S. 631. ECF 40, PgID 493, 509. But the *Rafaeli* decision was issued more than a year before Plaintiffs filed their complaint and nine months in advance of the limitations period. Plaintiffs therefore had adequate time to file their takings claim prior to the expiration of the limitations

period. Moreover, Plaintiffs filed their takings claims before the decisions in *Hall* and *Tyler*, undermining their argument that they could not timely file the claim since their rights had not yet been "fully established." The Court is similarly unpersuaded by Plaintiffs' argument that Covid-19 prevented the timely filing of their claims. *See id.* at 511. For the reasons above, the Court does not believe that Plaintiffs diligently pursued their rights or that their failure to meet the deadline "unavoidably arose from circumstances beyond" their control. *See Robertson*, 624 F.3d at 783. The Court therefore will not equitably toll Plaintiffs' claims.

Last, in *Hall*, the Sixth Circuit held that district courts should "abstain from adjudicating" takings claims brought under the Michigan Constitution, as "[w]hether the facts alleged here violate the Michigan Constitution's Takings Clause is an issue for the Michigan courts to decide." 51 F.4th 185, 196–97 (6th Cir. 2022). The Court therefore will abstain from adjudicating Plaintiffs' State law takings claim. And because the Court dismissed all of Plaintiffs' federal claims, *supra*, and must abstain from adjudicating the State law claim, the Court will decline to exercise supplemental jurisdiction over the State law claim and will dismiss it.[1]

In sum, applying *Hall*, the Court will abstain from adjudicating the takings claim under the Michigan constitution and will grant the motion to dismiss because Plaintiffs' remaining claims are time barred.

---

[1] Dismissal will not necessarily doom Plaintiffs' claim at the State level. *See Artis v. District of Columbia*, 583 U.S. 71, 72 (2018) (holding that, under 28 U.S.C. § 1367(d), the statute of limitations for state law claims is suspended while those claims are pending in federal court).

9

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [38] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' federal takings and State law conversion claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' State law takings claim is **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 4, 2024