UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FADI ABI FAKHREDDINE and OLD JOY INVESTMENT COMPANY, INC.,

Plaintiffs,

v.

ERIC R. SABREE, WAYNE COUNTY TREASURER,

Defendant.
_______________________________/

Case No. 2:21-cv-12250

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS [63], DENYING MOTIONS FOR LEAVE AS MOOT [78][81], AND DENYING MOTION TO VACATE [69]**

After Plaintiffs' second appeal of an order that granted Defendant's motion to dismiss, the Sixth Circuit affirmed the Court's dismissal on an alternate ground: that Defendant was entitled to sovereign immunity. ECF No. 68. In doing so, it modified the judgment "to reflect a dismissal without prejudice." *Id.* at PageID.932. Notwithstanding the appeal, there have been thirty-three docket entries since Plaintiffs served the second notice of appeal. ECF Nos. 49–82. Those entries include multiple motions.

What follows is an attempt to clean up the docket. In short, the Court will grant in part Defendant's motion for sanctions that was stayed pending appeal, and it will deny Plaintiffs' motions for leave to file a sur-reply and supplemental briefing as moot. ECF Nos. 78, 81. It will also deny Plaintiffs' motion to vacate the prior ruling, amend the final judgment, and remand the case to state court. ECF No. 69.

## BACKGROUND

Plaintiffs Fadi Abi Fakhreddine and Old Joy Investment Company sued Defendant Eric Sabree (the Wayne County treasurer) and alleged that they were entitled to surplus funds from tax delinquency foreclosures of two properties. ECF No. 35, PageID.412–413. Plaintiffs originally sued in the Wayne County Circuit Court, but Defendant removed the case to federal court. ECF No. 1. In January 2022, Judge Steeh granted Defendant's motion to dismiss, in part based on sovereign immunity. ECF No. 10. Plaintiffs timely appealed. ECF No. 13.

The Sixth Circuit reversed and remanded the case with instructions to proceed in accordance with its decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), while the instant case was on appeal. ECF No. 16. After the mandate issued, Plaintiffs amended their complaint and Defendant again moved to dismiss. ECF Nos. 35, 38. The Court granted Defendant's motion to dismiss and entered judgment dismissing the federal claims with prejudice. ECF Nos. 43, 44. The Court held that Plaintiffs' claims were barred by the relevant statute of limitations because *Hall* suggested that the claim begins to accrue when the County takes absolute title to the property. ECF No. 43, PageID.531. And because the County took absolute title to the property in March 2018, the Court reasoned that the three-year statute of limitations had run by the time Plaintiffs brought the claims in August 2021. *Id.*

After the Court entered judgment, a new attorney, Philip L. Ellison, appeared on behalf of Plaintiffs. ECF No. 45. He quickly moved to alter or amend the final

judgment or correct a mistake pursuant to Federal Rules of Civil Procedure 59(e) and 60(a). ECF No. 46. He also filed a notice of appeal. ECF No. 47.

Plaintiffs' motion asked the Court to alter the judgment because class action complaints that encompassed related Wayne County property owners were filed that purportedly tolled the statute of limitations. ECF No. 46, PageID.552. Plaintiffs also accused Defendant's Counsel of a lack of candor for not informing the Court of the pending class actions. *See, e.g.*, *Id.* at PageID.553. Additionally, Plaintiffs argued that *Beaver Street Investments v. Summit County*, 65 F.4th 822 (6th Cir. 2023) required the Court to reconsider its decision because the claim accrued "after either the auctioning off and sale of the foreclosed proper [sic] or the final disposition of the property." ECF No. 46, PageID.557.

The Court rejected both of Plaintiffs' arguments. First, the Court noted that Plaintiffs did not raise any class-tolling arguments in response to the motion to dismiss, *see generally* ECF No. 42, and thus were not entitled to present arguments that "they should have presented" but failed to. ECF No. 62, PageID.872. Similarly, the Court rejected Plaintiffs' COVID-19 tolling argument because they failed to make the argument in their response to the motion. *Id.* at PageID.873–874. Second, the Court rejected the argument that Defendant's duty of candor required him to disclose the existence of class action lawsuits to Plaintiff. Even if it did, the Court noted that "Defendant *expressly disclosed* the existence of one of the class actions on September 24, 2021 in its notice of removal" and therefore the docket "expressly contradict[ed] Plaintiffs' representations to the Court." *Id.* at PageID.872 (emphasis in original).

A month later, Defendant moved for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to sanction for "vexatious litigation tactics, with respect to the post-judgment proceedings in this case, and for prevailing party fees under 42 U.S.C. § 1988(b)." ECF No. 63, PageID.886. The Court stayed consideration of the motion and briefing deadlines until after the Sixth Circuit decided the appeal. ECF No. 66.

As noted above, when the Sixth Circuit decided the second appeal, it did not address the statute of limitations issues. Rather it affirmed the Court's dismissal on sovereign immunity grounds and modified the Court's judgment to reflect a dismissal without prejudice. ECF No. 68. A day after the mandate issued, Plaintiffs moved for the Court to vacate its prior rulings, amend the final judgment, and remand the case to state court. ECF No. 69. Defendant opposed the motion. ECF No. 73. Meanwhile, per the Court's order, the briefing schedule on the motion for sanctions resumed. Plaintiffs opposed the motion for sanctions, ECF No. 74, and Defendant replied, ECF No. 77. Finally, Plaintiffs moved for leave to file a sur-reply based on new arguments raised by Defendant in his reply. ECF No. 78. Defendant opposed the motion, ECF No. 79, and Plaintiffs replied, ECF No. 80.

## DISCUSSION

As an initial matter, even though the case is already dismissed, the Court can still decide ancillary matters including the motions for sanctions and the motion to vacate the judgment. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (noting

that the Court may assert ancillary jurisdiction to "to manage its proceedings, vindicate its authority, and effectuate its decrees").

I. Motion for Sanctions

Defendant moved for sanctions against Plaintiffs' post-judgment counsel, Philip Ellison, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to sanction. ECF No. 63.

*A. 28 U.S.C. § 1927*

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court may impose Section 1927 sanctions when an attorney's conduct "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citation modified). For example, § 1927 attorney fees are warranted if an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* Subjective bad faith is not required, but "the attorney in question must at least knowingly disregard the risk of abusing the judicial system, not be merely negligent." *Kidis v. Reid*, 976 F.3d 708, 723 (6th Cir. 2020) (citing *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 968 (6th Cir. 2018)).

Here, sanctions are not warranted under § 1927 for multiplication of the proceedings. To be sure, Mr. Ellison filed numerous entries on the docket outside of the course of normal litigation: the Rule 59 and 60 motion, a motion for leave to file a supplemental brief, a notice of new authority, and motions for leave to file sur-replies. *See* ECF Nos. 46, 55, 61, 78, 81. Though extensive and sometimes incorrect, Plaintiffs' filings do not evince an intention to abuse the judicial process or a knowing disregard of the risk of needless litigation. Plaintiffs made arguments that should have been made in the original briefing. *See, e.g.*, ECF No. 62, PageID.872. But at no point did the Court ever admonish Plaintiffs for filing excessive motions. In fact, the Court granted Plaintiffs' motions for leave to file excess pages and for leave to file a supplemental brief. ECF No. 58. And while the Court denied Plaintiffs' post-judgment motion for failure to raise issues before the Court entered judgment, it also analyzed some arguments on the merits.

At bottom, while the Court does not look favorably upon motions for leave to file sur-replies or new counsel raising post-judgment waived or forfeited arguments, the Court must tread lightly as the resulting chilling effect for zealous advocacy, in the Court's view, is much more significant. Accordingly, it will decline to exercise its authority to impose sanctions.

*B. Inherent Authority*

Defendant also moved for sanctions pursuant to the Court's inherent authority.[1] And while the Court will not impose sanctions on Plaintiffs' Counsel for multiplying the proceedings for the reasons stated above, it will sanction him for baselessly accusing Defendant's attorneys of an ethical violation.

The Court applies a three-prong test to determine whether to impose sanctions pursuant to its inherent authority: whether the claims were meritless, whether counsel knew or should have know they were meritless, and whether the motive for filing was an improper purpose. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (citing *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)).

First, the Court already explained in its previous order that Plaintiffs' arguments regarding Defendant's lack of candor were meritless. *See* ECF No. 62, PageID.872. The Court will not, yet again, explain why Plaintiffs' argument regarding Defendant's purported lack of candor is incorrect—even though Plaintiffs' Counsel again asserted it. *See* ECF No. 74, PageID.1018–1021

Second, Mr. Ellison should have known it was a frivolous argument since Plaintiffs could have discovered the potentially relevant class actions and that

---

[1] Notably, Defendant did not move for sanctions pursuant to Federal Rule of Civil Procedure 11. *See* ECF No. 63. And Plaintiffs did not address Rule 11 in its response. *See* ECF No. 74. Even though the Court may be able to sanction Plaintiffs' Counsel under Rule 11, it is not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

Defendant was under no obligation to develop Plaintiffs arguments. But most importantly, a review of the docket would have put Plaintiffs on notice that "Defendant *expressly disclosed* the existence of one of the class actions on September 24, 2021 in its notice of removal." ECF No. 62, PageID.872.

The Court will recount the string of events to be absolutely clear: Defendant moved to dismiss the case. The Court granted the motion. And in a post-judgment motion, Plaintiffs' new counsel, Mr. Ellison, raised numerous new arguments. *See* ECF No. 46. One of Plaintiffs' principal arguments accused Defendant's counsel of an ethical violation. The Court quotes Plaintiffs:

> Why Defendant did not alert this Court to the *Sangster*, *Purnell*, and *Bowles* class action lawsuits and their tolling effects is highly troubling and odd given the duty of candor owed to this Court . . . . But now that such has been brought to the attention of this Court, it is requested to act on it to make the needed correction on the failure of a statute-of-limitations based on tolling in the interest of justice because of the inappropriate withholding of key details from the Court contrary to the professional obligations imposed on Defendant's attorneys.

ECF No. 46, PageID.553; *see also id.* at PageID.542.

What is more, before the instant briefing on the motion for sanctions, it was clear that the Court already rejected Plaintiffs' argument:

> The argument fails for three reasons. First, Plaintiffs could have discovered the potentially relevant class actions because each is a public proceeding. Second, Defendant is not obligated to develop Plaintiff's arguments. *See United States v. Carter*, 89 F.4th 565, 570 (6th Cir. 2023) (noting "it is not the responsibility of one party to ensure that the arguments of another have been addressed"). Finally, Defendant *expressly disclosed* the existence of one of the class actions on September 24, 2021 in its notice of removal. ECF No. 1, PageID.3. The docket thus expressly contradicts Plaintiffs' representations to the Court.

ECF No. 62, PageID.872.

Third, the Court is forced to conclude that Plaintiffs' only purpose in accusing opposing counsel of an ethical violation was to get the Court to consider an argument that Plaintiffs should have raised earlier. Accusing opposing counsel of an ethical violation is serious. Indeed, this Court in its Civility Principles expressly warns against doing so. Under Local Rule 83.20, each attorney swears or affirms that they will abide by the Civility Principles approved by the Court. *See* E.D. Mich. L.R. 83.20(j). The Civility Principles are clear: an attorney, "will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety." Administrative Order 08-AO-009; *cf. Bailey v. Oakwood Healthcare, Inc.*, No. 15-11799, 2017 U.S. Dist. LEXIS 84697, at *11 (E.D. Mich. 2017) (admonishing counsel to adhere to the Court's Civility Principles or "face sanctions or contempt proceedings").

After the Court rejected Mr. Ellison's argument that imputed bad faith to opposing counsel, he could have retracted it. But he did not. Instead, Mr. Ellison doubled down on his argument and again argued that Defendant did not present "the complete picture to the Court at the time it mattered." *See* ECF No. 74, PageID.1018–1021. What is more, even though the Court already found that Defendant had no obligation to cite any of the cases Plaintiffs complained of, and irrespective of the fact that Defendant did cite one of the cases in the notice of removal, according to Plaintiff, that was not good enough. He argued that a "passing reference" in a notice of removal "does not cure that omission." ECF No. 74, PageID.1019. Again, without any caselaw

or legal justification, he argued to the Court that Defendant's conduct was not honest but rather was "gamesmanship." *Id.* at PageID.1020.

Furthermore, in the same response, Plaintiffs wrote: "Defendant's attempt to convert a dispute about how and when issues should have been raised into a charge of professional misconduct should be rejected." ECF No. 74, PageID.1020–1021. Plaintiffs' counsel is either carelessly looking over the record or intentionally misrepresenting the chain of events to the Court. Either way, the Court will not permit such antics. It was Mr. Ellison who first accused Defendant's counsel of an ethical violation. Now he attempts to say merits arguments should not devolve into charges of professional misconduct. The Court largely agrees. The problem for Mr. Ellison is that *he* baselessly brought charges of professional misconduct into the dispute in the first instance, not Defendant's counsel. Because those charges were clearly baseless, and because he refused to retract them even after the Court noted that Defendant's counsel was under no such obligation to disclose certain caselaw, the Court will impose sanctions.

The Court will therefore impose a $1,000 fine on Mr. Ellison payable to the Clerk of the Court no later than seven days from the entry of this order.[2] Mr. Ellison must file a declaration that he made such a payment on the docket.

*C. Attorney Fees Under 42 U.S.C. § 1988(b)*

Last, prevailing party fees here under 42 U.S.C. § 1988(b) are not warranted. Section 1988 states that the Court, "in its discretion, may allow the prevailing party,

[2] The sanctions are imposed only against Mr. Ellison and not Plaintiffs.

other than the United States, a reasonable attorney's fee as part of the costs." "[A]warding attorney fees against a nonprevailing plaintiff in a civil rights action is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986)). The Supreme Court has explained that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

The Court will not impose attorneys' fees for two reasons. First, the Sixth Circuit dismissed the case without prejudice. Defendant was therefore not the "prevailing party" under 42 U.S.C. § 1988. *See Williams v. Kelly*, No. 05-cv-73702, 2006 U.S. Dist. LEXIS 8668, at *9–10 (E.D. Mich. Feb. 13, 2006) (citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). But even if Defendant was the prevailing party, the Court would not impose sanctions. Notwithstanding Mr. Ellison's conduct vis-à-vis opposing Counsel, the claims brought by Plaintiffs were not frivolous or unreasonable. The Court will therefore not award any attorney fees.

II. <u>Motions for Leave to File Sur-reply</u>

After Defendant's motion for sanctions was fully briefed, Plaintiffs moved for leave to file a sur-reply based on new matters raised in Defendant's reply. ECF No. 78, PageID.1142. The Court agrees that Defendant introduced new matters not raised in the original motion. Most of them included accusations regarding Mr.

Ellison's conduct in other cases. But in reaching the decision above to impose sanctions, the Court did not rely on any of the new accusations. The Court's decision to impose sanctions was based solely on Mr. Ellison's conduct in the case and not on any of the new matters raised in Defendant's reply brief. The Court will therefore deny Plaintiffs' motion for leave to file a sur reply as moot and strike all briefs associated with it.[3]

Again, on July 17, 2026, Plaintiffs filed a "motion for leave to file supplemental notice" on Defendant's motion for sanctions. ECF No. 81. Plaintiffs made two principal arguments. First, they argued that the Supreme Court's recent decision in *Pung v. Isabella County*, 146 S.Ct. 1964 (2026) "bears directly on Defendant's contention that Plaintiffs' arguments concerning the nature and timing of the taking . . . lacked a plausible legal basis." ECF No. 81, PageID.1205. Second, they argued that, in a separate proceeding, the Wayne County Treasurer "acknowledged" that Plaintiff Fakhreddine is "entitled to $41,550 in remaining proceeds taken from the funds generated following Wayne County's sale of his property." *Id.* According to Plaintiffs, both developments support their opposition to Defendant's motion for sanctions.

[3] For the first time in their response to Plaintiffs' motion for leave to file a sur-reply, Defendant raised outside matters to the attention of the Chief Judge of this District "as a potential disciplinary matter" pursuant to Local Rule 83.22. Because Defendant did not raise such a matter in its original briefing and because the Court did not consider any of the sur-replies in deciding the motion, it will not consider the request pursuant to Local Rule 83.22.

The new motion, however, is not relevant because, as the Court noted above, it will not impose sanctions based on the substance of Plaintiffs' legal arguments made in their motion for reconsideration. And although Plaintiffs keep pressing their statute of limitations theory, the case is over, and the Sixth Circuit affirmed the Court's decision on a different ground and modified the judgment. Whether Plaintiffs were correct in their statute of limitations arguments is not at issue. To be clear, the Court imposed sanctions on Mr. Ellison only because he baselessly, and in bad faith, accused opposing Counsel of an ethical violation. The Court, therefore, need not consider Plaintiffs' most recent motion and will deny it as moot.

III. Motion to Vacate

After the Sixth Circuit's opinion affirmed the Court's order on another ground and altered the judgment to without prejudice, Plaintiffs moved to vacate. ECF No. 69. Specifically, they asked the Court to vacate its prior merits rulings, amend its judgment to reflect dismissal of all claims without prejudice, and remand the case to Wayne County Circuit Court. The Court will deny the motion.

The Court must follow the Sixth Circuit's instructions and mandate. It stated: "[t]he district court's judgment is therefore modified to reflect a dismissal without prejudice. As so modified, the district court's judgment is affirmed." ECF No. 68, PageID.932. It included a judgment that stated "the judgment of the district court is AFFIRMED as modified by the opinion of this court." *Id.* at PageID.933.

As the Court noted above, the case is over. The Sixth Circuit amended the Court's judgment to a dismissal without prejudice. The Sixth Circuit did not remand

the case for further proceedings. The Court may not revisit any of its prior rulings, nor may the Court remand the case back to state court. Though Plaintiffs cited 28 U.S.C. § 1447(c), that statute provides for remands *before* final judgment—not after. And Plaintiffs provided the Court with no caselaw for vacating prior rulings after a case is dismissed on an alternate ground.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for sanctions [63] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for leave [78] [81] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to vacate [69] is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Ellison must **TENDER** $1,000 to the Clerk of the Court and **FILE** a declaration on the docket **no later than seven days from the entry of this order.**

The case remains closed.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 4, 2026